Metcalf, J.
It appears, from the bill, answer and facts agreed, that the plaintiff has acquired, through mesne conveyances, all the right of Pitts, the original mortgagor, to redeem the mortgaged premises. This being a legal, and not a merely equitable right, the court has jurisdiction of the cause. It further appears, that the plaintiff has also acquired all the right that Buffum originally had to fulfil the condition on which the transfer of the mortgage to Hastings, the defendants’ intestate, was to determine and become void, and the mortgaged premises revert to the mortgagee, his heirs or assigns. Whether this right of the plaintiff would alone have given the court jurisdiction, we need not inquire.
Having jurisdiction, the court will examine the whole case, and ascertain what is equitably due to the defendants, as Hastings’s representatives. And we are of opinion that they can claim only the debt due to Hastings’s estate, with the interest thereon. They are not liable to Buffum for any sum. On the contrary, the plaintiff, as before stated, has acquired all the equitable right that Buffum had to any surplus wnich *48 Hastings might have received; and therefore if the defendants could claim and receive more than the amount due to Hastings, they would be bound, in equity, to hold the surplus for the plaintiff, and he might recover it back. Circuity of action is to be avoided by a decree that the plaintiff may redeem, on paying to the defendants the amount due to Hastings’s estate on Buffum’s note for five thousand dollars.

Decree accordingly.